**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY
M.L. KING, JR.  FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                          (973) 645-4693
  BANKRUPTCY JUDGE                                         Fax: (973) 645-2606

<u>**NOT FOR PUBLICATION**</u>

> **FILED**
>
> JAMES J. WALDRON, CLERK
>
> **MARCH 25, 2013**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
>
> BY: s/ *Ronnie Plasner*
>
> JUDICIAL ASSISTANT

March 25, 2013

<u>**LETTER OPINION**</u>
<u>**ORIGINAL FILED WITH THE CLERK OF THE COURT**</u>

Stuart Werbin, Esq.
The Law Office of Matthew E. Rose
209 Main Street, Suite 2
Fort Lee, New Jersey 07024
***Counsel for Debtors***

Randolph Walzer, Esq.
c/o Howard P. Schiff/Daniel C. Schiff, Esqs.
P.O. Box 1000
West Long Branch, New Jersey 07764-1000
***Counsel for Creditor, Springleaf Financial Services***

Re:    **In re Hipolito Gonzalez and Nancy Gonzalez**
       <u>**Case No. : 12-19139 (DHS)**</u>

Page 2
March 25, 2013

Dear Counsel:

Before the Court is a Motion to List Creditor as Secured and/or for Relief from Automatic Stay and to Allow Foreclosure ("Creditor's Motion") filed by Springleaf Financial Services ("Springleaf") in the Chapter 13 bankruptcy filed by Hipolito and Nancy Gonzalez ("Debtors").  Springleaf asserts that it never had the opportunity to object to the Debtors' Chapter 13 Plan ("Plan"), which sought to modify Springleaf's claim from secured to unsecured, because it did not receive proper notice of the Chapter 13 Plan and Motions.  The Debtors contend that Springleaf received notice of their Plan and confirmation hearing and failed to object prior to the Court's entry of an Order confirming the Plan.  For the reasons set forth below, the Creditor's Motion is granted.  The Court finds that Springleaf's due process rights were violated and that the appropriate remedy is to list its claim as secured.  Accordingly, Springleaf's motion to reclassify its claim as secured is granted.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (K).  Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).  The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS AND PROCEDURAL HISTORY

On March 21, 2006, the Debtors executed a Secondary Mortgage Loan Agreement with Springleaf, secured by a second mortgage upon the Debtors' principal residence at 187 Trenton Avenue, Clifton, New Jersey.  (Certificate of Janet Simmons, Creditor's Manager, in Support of Creditor's Motion, ¶ 2)  ("Janet Simmons Cert.")  On April 5, 2012, the Debtors filed for

Chapter 13 bankruptcy.    (See Docket No. 1)    The Plan listed a first mortgage held by Citimortgage in the amount of $167,733.35 and the value of the Debtors' principal residence at $142,000.00.    (See Docket No. 2)    The Plan sought to reclassify Springleaf's $70,000 secured claim as completely unsecured under Section 1322(b)(2).    *Id.*

On April 25, 2012, Springleaf filed a proof of claim in the amount of $82,785.17 due to the Debtors' default on the terms of the second mortgage.    (Janet Simmons Cert., ¶ 5)    On May 24, 2012, the Debtors sent notice of the Chapter 13 Plan and Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured ("Debtors' Motion") to "Springleaf Financial Services, 601 NW 2nd ST, Evansville, IN 47708," the address listed on the proof of claim filed by Springleaf.    (Debtors' Opposition to Motion to List Creditor as Secured and for Relief from Automatic Stay, Exhibit B) ("Debtors' Opp'n")    The Chapter 13 confirmation hearing was held on June 13, 2012.    There was no opposition to the Motion to avoid the lien of Springleaf and the Plan was confirmed as filed.    The Order confirming the Plan was entered on June 18, 2012.    (Debtors' Opp'n, ¶ 3)    On August 16, 2012, Springleaf filed its Creditor's Motion, which included the certification of Springleaf's Manager stating that Springleaf never received notice of the Plan and Debtors' Motion.    (Janet Simmons Cert., ¶ 8)

## DISCUSSION

The Debtors' Chapter 13 Plan called for a "strip-down" of Springleaf's second mortgage lien.    Debtors in Chapter 13 can modify the rights of holders of secured claims through a process known as "lien stripping."    *See* 11 U.S.C. § 1322.    Federal Rule of Bankruptcy Procedure 3012 authorizes courts to "determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim . . . ."    FED. R. BANKR. P. 3012.    A motion to strip down a lien under Rule

3012 is considered a contested matter under Federal Rule of Bankruptcy Procedure 9014. *See In re Millspaugh*, 302 B.R. 90, 101 (Bankr. D. Idaho 2003). Rule 9014 requires motions in a contested matter to be "served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b). Thus, the Debtors had an obligation to provide Springleaf with notice of the Chapter 13 Plan and hearing that complied with the requirements of Rule 7004.

Federal Rule of Bankruptcy Procedure 7004(b)(3) allows service to be made by first class mail:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint *to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process* and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Bankr. P. 7004(b)(3) (emphasis added). Requiring service upon an officer or managing agent of a corporation "is intended to ensure that the summons and complaint expeditiously reaches the appropriate decision maker in the organization." *Gowan v. HSBC Mortg. Corp. (USA) (In re Dreier LLP),* 2011 WL 3047692, at *2 (Bankr. S.D.N.Y. July 22, 2011); *accord Green Tree Fin. Serv. Corp. v. Karbel (In re Karbel)*, 220 B.R. 108, 113 (B.A.P. 10th Cir. 1998).

Here, the Plan and Debtors' Motion were mailed to the correct address, but were not directed to the attention of an officer or agent of Springleaf. Because service was not directed to the attention of an officer or agent as required by Rule 7004(b)(3), it was deficient. *See Jacobo v. BAC Home Loans Servicing, LP*, 477 B.R. 533, 541 (D.N.J. 2012) (finding debtors' service of proposed Chapter 13 plan providing for the strip-down of lien and of notice of the confirmation hearing deficient because it was not addressed to an officer of the creditor as required by Rule

7004(h)).  However, a violation of the Bankruptcy Rules is not necessarily a violation of due process.  *Id.* at 541.  The ultimate question this Court must address is whether notice was "reasonably calculated, under all the circumstances" to afford the creditor the opportunity to object to the Debtor's Chapter 13 Plan.  *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

At oral argument, the Debtors argued that the Creditor's Motion should be denied because Springleaf had actual notice of the Plan and failed to object in a timely manner.  To support their position, the Debtors cited the Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367 (2010).  In *Espinosa*, the debtor violated Rule 7004 when he failed to initiate an adversary proceeding and serve the creditor with a summons and complaint after filing a Chapter 13 plan that sought to modify the creditor's claim.  *Id.* at 1373.  The creditor received notice of the plan and filed a proof of claim but did not object to the debtor's failure to initiate an adversary proceeding and proposed discharge.  *Id.* at 1374.  Seven years after the bankruptcy court confirmation and three years after the debtor had completed all payments under the plan, the creditor filed a motion to set aside the confirmation and declare the strip-down ineffective, asserting that the debtor's failure to comply with Rule 7004 violated its due process rights.  *Id*. at 1377.  The Supreme Court denied the motion, holding that the debtor's failure to comply with Rule 7004 did not violate due process requirements because the creditor had actual notice of the plan and proposed discharge and failed to file a timely objection.  *Id*. at 1380.

Springleaf supports its position by citing a recent District Court decision in *Jacobo v. BAC Home Loans Servicing, LP*, 477 B.R. 533 (D.N.J. 2012).  In *Jacobo*, the court addressed whether a creditor, a large corporation, had adequate opportunity to object to the attempted strip-

down of its secured claim when notice of the debtors' Chapter 13 plan was mailed to the correct

address but not properly directed to the attention of an officer or manager as required by Rule

7004.  *Id*. at 538.  The plan was confirmed on February 24, 2011, a month after notice was

mailed, and the creditor filed a motion challenging the effectiveness of the strip-down on

May 10, 2011.  *Id*. at 535-36.  The court held that while "viewing the entity as a whole" the

creditor may have had actual notice, the debtors' service violated due process because it was not

reasonably calculated to give "a corporate officer or an individual who could have attended to it

in a timely manner" the opportunity to object prior to the confirmation hearing.  *Id.* at 541.

Distinguishing the facts before it from *Espinosa*, where the creditor had actual notice of the

debtor's plan but failed to object until years after it had been completed, the *Jacobo* court held

that due process was not satisfied because the reason the corporation did not file its objection

until shortly after confirmation was that the debtors' service did not give it sufficient time to

object in a timely manner.  *Id.* at 542.

Here, notice was clearly deficient under Rule 7004(b)(3).  The facts of this case indicate

that due process was violated because Springleaf did not receive notice that would enable it to

object in a timely manner.   Similar to *Jacobo*, the improperly addressed notice did not

adequately apprise Springleaf, a large corporation, of the opportunity to object to the attempted

strip-down before the confirmation hearing, which was held less than a month after notice was

sent.  Because notice was not "reasonably calculated, under all the circumstances," to give

Springleaf an opportunity to object, it is clear that Springleaf's due process rights were not

satisfied.  *Mullane*, 339 U.S. at 314.

The inadequate service notwithstanding, the Debtors argue that a bankruptcy court order

confirming a plan is a final judgment and the Creditor's Motion is thus barred by the doctrine of

Page 7
March 25, 2013

*res judicata*.  (Debtor's Opp'n, ¶ 5)  Section 1327 provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor . . . ."  11 U.S.C. § 1327.  Accordingly, "confirmation of a Chapter 13 plan customarily is res judicata as to all issues that were or could have been decided during the confirmation process."  *In re Carvalho*, 335 F.3d 45, 49 (1st Cir. 2003).  However, "principles of due process . . . trump finality."  *In re Mansaray-Ruffin*, 530 F.3d 230, 238 (3d Cir. 2008) (internal quotations omitted).  Thus, courts should not "defer to [a Chapter 13 confirmation] order on *res judicata* grounds if it would result in a denial of due process in violation of the Fifth Amendment to the United States Constitution."  *In re Linkous*, 990 F.2d 160, 162 (4th Cir. 1993).  Since the Debtors' service did not comport with the principles of due process, the doctrine of *res judicata* does not bar the Creditor's Motion to challenge confirmation.

Finally, the Debtors argue that they were not on notice of Springleaf's potential objections to the Chapter 13 Plan because Springleaf never filed a proof of claim.  (Debtor's Opp'n, ¶ 4)  A review of the docket reveals that Springleaf filed Proof of Claim #1 on April 25, 2012, and therefore, this argument is without merit.  (See Docket)

## CONCLUSION

For the reasons stated, the Creditor's Motion is granted and Springleaf's claim shall be scheduled as secured.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.                                    Very truly yours,

*s / Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure